**Bobby Jerl GARZA, Petitioner-Appellant,**

v.

**STATE OF TEXAS, Respondent-Appellee.**

No. 72-3169.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1973.

Joy Vandervort, Houston, Tex. (Court Appointed), for petitioner-appellant.

Crawford Martin, Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The opinion of this court dated January 12, 1973 is withdrawn and the following opinion is adopted as the opinion of the court.

---

Bobby Jerl Garza appeals from the denial of habeas corpus relief by the district court of the Southern District of Texas. After holding an evidentiary hearing, the district court concluded that (1) Garza's contention that he was illegally arrested and searched was without merit, (2) Garza voluntarily and intelligently consented to the search of a particular apartment, and (3) the state court's charge to the jury on the definition of "possess" presented no grounds for federal habeas relief. We affirm the decision of the trial court on these points.

Garza additionally argues that he is entitled to credit toward the service of his sentence for the time he spent in actual custody prior to the imposition of his sentence, a period of some eight months. At the evidentiary hearing below he testified that the state trial judge allowed him credit for the time spent in presentence custody under the Texas statute[1] vesting such discretion in the sentencing judge, but that he was not aware of anything on the record to verify this fact. Finally, Garza alleges that there was an error in the calculation of his jail time pending appeal of approximately three months.

■■ Garza's contentions as to pre and postsentence jail time credit are both presently based on the assertion of constitutional issues. Nevertheless, under the circumstances present here each of them must be presented to the Texas courts before the federal judiciary may intervene. Petitioner argues that recourse to the Texas courts will be futile as to his constitutional claim for presentence jail time credit, but we do not reach this issue because he must exhaust his claim that the state trial judge actually gave him credit for his preconviction jail time and that it has been denied to him due to clerical error, a contention which could wholly obviate the need for a constitutional decision. Likewise, the fact that Garza has not sought available relief in the appropriate state forum for correction of the alleged error in the calculation of his postsentencing jail time credit bars the federal habeas forum from reaching that issue. The trial judge was correct in concluding that Garza was required to exhaust his state remedies on both contentions.

The order appealed from is in all respects

Affirmed.

---

1. Vernon's Ann.Tex.Code Crim.Pro. art. 42.03 (Supp.1972).